## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

RANDALL T. MCARTY,
ADC #101565                                                                                    PLAINTIFF

v.                                        5:14CV00037-JLH-JTK

STATE OF ARKANSAS, et al.                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following **partial** recommended disposition has been sent to United States District Judge J. Leon Holmes.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Randall McArty is a state inmate confined at the Ouachita River Unit of the Arkansas Department of Correction (ADC).  He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging failure to protect him from harm by another inmate while housed at the Maximum Security Unit.  By Order dated February 10, 2014 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit.  However, finding Plaintiff failed to state a claim upon which relief may be granted against most of the Defendants, the Court provided Plaintiff with the opportunity to amend his complaint, noting that an Amended Complaint would render the original complaint without legal effect.  (Id., pp. 4-5.)   Plaintiff has now filed an Amended Complaint (Doc. No. 5).  Having reviewed such, the Court finds that Defendants State of Arkansas, Arkansas Department of Correction, Owens, Cook, and Jenkins, should be dismissed for failure to state a claim upon which relief may be granted.  The Court also finds that Plaintiff's violation of policy claims should be dismissed.

### II.    Screening

2

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

### III.     Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  The State of Arkansas, and the ADC, as an agency of the State, are protected from § 1983 liability by Eleventh Amendment immunity.  See Alabama v. Pugh, 438 U.S. 781 (1978), and Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988).

In addition, the Court finds that Plaintiff's allegations against Defendants Owens, Cook, and Jenkins fail to support a constitutional claim.  A prison official violates an inmate's Eighth Amendment right to be free from harm when he/she is "deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates."  Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997).  A failure to protect claim has two components, an objective one asking whether there was a substantial risk of harm to the inmate, and a subjective one asking whether the prison official was deliberately indifferent to that risk.  Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998).  See also Curry v. Crist, 226 F.3d 974 (8th Cir. 2000).

Plaintiff does not however, allege that Defendants Owens, Cook, and Jenkins were aware that he was at risk of harm from the inmate who assaulted him.  While he alleges that some of the other Defendants were placed on notice of problems Plaintiff experienced in his dorm, he does not allege such notice or knowledge on the part of these three Defendants.  Therefore, the Court finds he fails to state a constitutional claim against them.

Finally, Plaintiff's allegation that Defendant Straughn violated ADC policy with respect to alleged false statements made in responses to grievances, also fails to support a constitutional claim. Williams v. Nix, 1 F.3d 712, 717(8th Cir. 1993).

**IV.     Conclusion**

IT IS, THEREFORE,  RECOMMENDED that:

1.      Defendants State of Arkansas, Arkansas Department of Correction, Owens, Cook, and Jenkins, be DISMISSED from this action, with prejudice, for failure to state a claim upon which relief may be granted.

2.      Plaintiff's allegations of ADC policy violations be DISMISSED, for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 16th day of May, 2014.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE